IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

FREDA G. BOLLING, )
    Plaintiff, )
     )
v. ) Case No. 3:12cv593 (REP)
     )
VIRGINIA DEPARTMENT OF HEALTH, )
    Defendant. )
_____ )

## REPORT & RECOMMENDATION

The matter is now before the Court for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) on Defendant's Motion for Summary Judgment (ECF No. 20) in which Defendant Virginia Department of Health ("VDH" or "Defendant") moves for summary judgment on Plaintiff's claims brought under the Equal Pay Act ("EPA"), Title VII and Fair Labor Standards Act ("FLSA"). Having reviewed the pleadings filed by the parties, and concluding that oral argument on the motion would not materially aid in the decision-making process, the Court recommends that Defendant's Motion for Summary Judgment be GRANTED.

### I. BACKGROUND

While Plaintiff maintains that there are material facts in dispute, she incorrectly contends that Defendant imposed a heightened pleading standard. (Pl.'s Mem. in Opp. to Def.'s Mot. for Summ. Judg. "Pl.'s Mem." (ECF No. 23) at 1-2.) Plaintiff argues that she need only plead a short statement of relief and "is not required to plead a prima facie case." (Pl.'s Mem. at 1-2.) However, when opposing a properly asserted motion for summary judgment, the non-moving party bears the burden of offering evidence to establish a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). In doing so,

both the Federal Rules of Civil Procedure and this Court's Local Rules impose the added burden of identifying such evidence with particularity. Fed. R. Civ. P. 56(c)(1)(A); E.D. Va. Loc. R. 56(B); *Campbell v. Verizon Virginia, Inc.*, 812 F. Supp. 2d 748, 759 n.5 (E.D. Va. 2011) (interpreting the 2011 amendments to Rule 56(c)). As such, Plaintiff failed to adhere to the proper standard in her opposition to Defendant's Motion for Summary Judgment.

Further, in opposing Defendant's motion, the facts identified by Plaintiff consist almost entirely of legal conclusions and entirely rely upon the pleadings. Nevertheless, the Court endeavors to construe these facts in the light most favorable to Plaintiff as the non-moving party, including consideration of those facts that she appears to dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Viewing the evidence through such a lens, the following constitutes the facts for purposes of resolving the Defendant's Motion for Summary Judgment.

In May 1997, Defendant hired Plaintiff, an African-American female, as an hourly Program Support Senior Technician, and made her a full-time employee on October 10, 1997. (Pl.'s Dep at 5:14-15; Brewer Decl. at ¶ 4.) As of 2001, Plaintiff began working as a Vendor Liaison. (Brewer Decl. at ¶ 4.)

In 2006, Plaintiff's area of geographic responsibility increased, which included more store inspections. (Amended Complaint "Am. Compl." (ECF No. 8) at ¶ 23.) At the same time, an African-American male, who was paid at a higher rate, was taken off store inspections. (Am. Compl. at ¶ 23.) This male, hired in 1995, had seniority over Plaintiff, who was hired in 1997. (Def.'s Mem. in Supp. of Mot. for Summ. Judg. "Def.'s Mem." (ECF No. 21) at Exh. 5.)

These additional duties eventually led Plaintiff to file a complaint with the EEOC in 2008, which she later amended in 2010, alleging that she was paid less than others on the basis of her gender and race. (Am. Compl. at ¶ 27.) As a result of a mediation agreement in connection

with Plaintiff's EEOC claim, Defendant agreed to conduct a compensation and classification analysis of Plaintiff's position and work with Plaintiff to re-examine Plaintiff's position and pay rate. (Warren Decl. at ¶ 4.) On March 3, 2011, Karen Warren, an African-American female, completed an evaluation of Plaintiff's compensation and classification, and found that Plaintiff's position was properly allocated. (Warren Decl. at ¶ 6.)

In 2011, the Office of Family Health Services conducted a reorganization of the department at the request of Dr. Diane Helentjaris, former Director of the Office of Family Health Services. (Brewer Decl. at ¶ 6; Warren Decl. at ¶ 7.) As a result of the reorganization, every Vendor Liaison received a 10% pay increase, awarded retroactively for six months dating back to October 1, 2010. (Warren Decl. at ¶¶ 8-10.)

In 2011, Plaintiff filed another EEOC complaint, requesting more back pay and claiming that Defendant broke its earlier mediation agreement by not conducting a proper compensation and classification analysis. (EEOC Charge # 846-2011-57404.) At the time, Plaintiff served as one of three Vendor Liaisons supervised by Shelia Brewer, an African-American female. (Brewer Decl. at ¶¶ 1, 6.) The three Vendor Liaisons performed similar work 75% of the time and were assigned individual duties for the remaining 25% of the time. (Brewer Decl. at ¶ 6.)

Plaintiff alleges that she was discriminated against on the basis of her race and gender in violation of Title VII and the EPA, because she was required to do more work for less pay as an African-American female, and that she was retaliated against after making an EEOC complaint in violation of FLSA and Title VII. (Am. Compl. at ¶¶ 40-55.) Defendant moves for summary judgment on these claims, arguing that questions of material fact do not exist as to Plaintiff's allegations. (Def.'s Mem. at 13-24.) Further, Plaintiff argues that Plaintiff's FLSA claim is barred by sovereign immunity. (Def.'s Mem. at 24.)

3

## II. STANDARD OF REVIEW

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The relevant inquiry in a summary judgment analysis is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52. In reviewing a motion for summary judgment, the Court must view the facts in the light most favorable to the non-moving party. *Id.* at 255.

When considering a case for summary judgment, the Court cannot weigh the evidence to enter a judgment, but simply must determine if there is a genuine issue for trial. *Greater Balt. Ctr. for Pregnancy Concerns v. Baltimore*, __F.3d__, 2013 WL 3336884, at *12 (4th Cir. July 3, 2013) (quoting *Anderson*, 477 U.S. at 249). Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. *Anderson*, 477 U.S. at 247-48. Indeed, summary judgment must be granted if the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). To defeat an otherwise properly supported motion for summary judgment, the non-moving party must rely on more than

conclusory allegations, "mere speculation," the "building of one inference upon another," the "mere existence of a scintilla of evidence," or the appearance of some "metaphysical doubt" concerning a material fact. *Lewis v. City of Va. Beach Sheriff's Office*, 409 F. Supp. 2d 696, 704 (E.D. Va. 2006) (citations omitted).

A "material fact" is one that might affect the outcome of a party's case. *Anderson*, 477 U.S. at 247-48; *JKC Holding Co. LLC v. Wash. Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001). Whether a fact is considered to be "material" is determined by the substantive law, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248; *Hooven-Lewis v. Caldera*, 249 F.3d 259, 265 (4th Cir. 2001). A "genuine" issue concerning a "material" fact only arises when the evidence, viewed in the light most favorable to the non-moving party, is sufficient to allow a reasonable jury to return a verdict in that party's favor. *Anderson*, 477 U.S. at 248.

### III. ANALYSIS

Defendant moves for summary judgment on the basis that Plaintiff failed to set forth evidence in support of elements of her EPA and Title VII claims. Defendant further contends that Plaintiff's retaliation claim under the FLSA is barred by sovereign immunity. Plaintiff contends that there are material facts in dispute and that she pled the proper facts to sustain her claims, while Defendant is improperly requiring her to "prove her case . . . prior to trial." (Pl.'s Mem. at 5.) Plaintiff further asserts that Defendant improperly used Plaintiff's deposition testimony without her permission. (Pl.'s Mem. at 2-3.)

Before turning to the merits, the Court must address the preliminary matters raised by Plaintiff. Plaintiff objects to Defendant's use of her deposition testimony without her

5

permission. (Pl.'s Mem. at 5.) Under the Federal Rules of Evidence, evidence in a motion for summary judgment may be considered if it would be admissible during trial. Fed. R. Civ. P. 56(e). Plaintiff's sworn testimony is admissible as a party admission and, therefore, may properly be used in support of a motion for summary judgment. Fed. R. Evid. 801(d)(2). Because Defendant relied upon proper evidence in support of its motion, Plaintiff's objection to the use of her deposition must fail.

A. Plaintiff fails to set forth evidence to sustain an EPA claim.

Plaintiff alleges that Defendant violated the EPA by paying her less than her comparators for equal work in equal situations because of her gender. (Am. Compl. at ¶¶ 40-49.) Defendant moves for summary judgment on the basis that Plaintiff failed to provide evidence of a male comparator who received greater compensation. (Def.'s Mem. at 13-14.)

Under the EPA, Plaintiff bears the burden of showing that an employer paid different wages to employees of opposite genders "for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions." *Corning Glass Works v. Brennan*, 417 U.S. 188, 195 (1974). "The equal work standard does not require that compared jobs be identical, only that they be substantially equal." *Brinkley-Obu v. Hughes Training, Inc.*, 36 F.3d 336, 343 (4th Cir. 1994) (citing 29 C.F.R. § 1620.13(a)). "The crucial finding on the equal work issue is whether the jobs to be compared have a common core of tasks, *i.e.*, whether a significant portion of the two jobs is identical. The inquiry then turns to whether the differing or additional tasks make the work substantially different." *Brewster v. Barnes*, 788 F.2d 985, 991 (4th Cir. 1986).

To establish a claim, Plaintiff "must identify a particular male comparator for the purposes of the inquiry, and may not compare herself to a hypothetical or composite male."

6

*Strag v. Board of Trustees*, 55 F.3d 943, 948 (4th Cir. 1995) (internal quotes omitted). Once a plaintiff has shown that the employer paid its employees of one sex more than another, a defendant can rebut the plaintiff's evidence by showing that the pay differences were made pursuant to (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex. 29 U.S.C. § 206(d); *Corning Glass Works*, 417 U.S. at 195.

Defendant argues that no material facts exist as to an appropriate comparator, because Plaintiff failed to identify a specific male employee with the same training and experience as Plaintiff that received higher compensation than Plaintiff. (Def.'s Mem. at 13-14.) Further, Defendant maintains that other Vendor Liaisons are not comparators, because their job duties consisted of 25% special projects. (Def.'s Mem. at 15; Brewer Decl. at ¶ 6; Pl's Dep. at 32:15-19.) Plaintiff maintains that a factual dispute arises, because several comparators exist. (Pl.'s Mem. at 16.) Specifically, Plaintiff argues that her supervisors excluded Plaintiff's job duties from Plaintiff's work profile and that accounted for the pay disparity. (Pl.'s Mem. at 17.) Plaintiff further asserts that Brewer's affidavit is false. (Pl.'s Mem. at 17.) Nothing presented by Plaintiff supports these arguments.

Although Plaintiff alleges that comparators exist, Plaintiff relies merely upon her pleadings and the legal conclusion that a comparator exists. Inexplicably, Plaintiff never identifies or presents evidence of any comparator. Further, Plaintiff is unable to establish a *prima facie* case under the EPA, because she failed to provide evidence that she and a comparator performed substantially equal jobs. Although Plaintiff and the only male on the Vendor Liaison Compliance team during the relevant time period both served as Vendor Liaisons, no dispute of material fact exists to demonstrate that that they performed substantially

equal jobs. Brewer, the Vendor Liaison Manager, individually assigned the Vendor Liaisons special projects, which accounted for 25% of their job duties. (Brewer Decl.[1] at ¶ 5; Pl's Dep. 32:15-19.) Further, Plaintiff acknowledges that her job duties differed from those of the other Vendor Liaisons, as Plaintiff alleges that "Brewer assigned more special projects to [Plaintiff] for an extended period of time than those of her counterparts." (Pl.'s Mem. at ¶ 5.)

Because the Court finds that no comparator has been identified, no dispute of material fact exists to establish a *prima facie* EPA claim. Therefore, the Court recommends that Defendant's Motion for Summary Judgment be GRANTED as to Plaintiff's EPA claim.

### B. Plaintiff's discrimination claim must fail on the basis that no adverse employment action was taken against Plaintiff.

Plaintiff alleges that Defendant discriminated against her on the basis of her race and gender, because she was paid less than others outside of her protected classes. (Pl.'s Mem. at 15.) Defendant moves for summary judgment on the grounds that Defendant took no adverse employment action against Plaintiff, and because Plaintiff and employees outside of her protected class received the same treatment. (Def.'s Mem. at 16- 22.) Further, Defendant argues that a non-discriminatory reason existed to rebut Plaintiff's claim and that the undisputed facts indicate that no intent to discriminate existed. (Def.'s Mem. at 17-22.)

"A document filed *pro se* is 'to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* (citation and internal quotation marks omitted). And "[p]leadings must be construed to do justice." Fed. R. Civ. P. 8(d). "Principles requiring generous construction of *pro*

---

[1] Regarding Plaintiff's contention that Defendant's evidence is false, the Court cannot weigh the evidence or make credibility determinations in its summary judgment analysis. *Williams v. Staples, Inc.*, 372 F.3d 662, 667 (4th Cir. 2004).

*se* complaints are not, however, without limits . . . . It does not require [district] courts to conjure up questions never squarely present to them. District judges are not mind readers." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

To establish a *prima facie* case of discrimination, a plaintiff must show: "(1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action . . . ; and (4) that similarly-situated employees outside the protected class received more favorable treatment." *McDonell Douglas Corp v. Green*, 411 U.S. 792, 892 (1973) (race discrimination); *Gerner v. County of Chesterfield*, 674 F. 3d 264, 266 (4th Cir. 2012) (gender discrimination); *White v. BFI Waste Servs.*, LLC, 375 F.3d 288, 295 (4th Cir. 2004) (compensatory discrimination). Once an employee demonstrates *prima facie* evidence of discrimination, the burden shifts to the employer to articulate some legitimate, non-discriminatory reason for the employer's action. *McDonnell*, 411 U.S. at 802. Once the defendant offers a non-discriminatory basis, plaintiff bears the burden of demonstrating that the defendant's action was motivated by discriminatory intent. *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 253 (1981). "The plaintiff may make the required showing 'either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence.'" *Brinkley-Obu v. Hughes Training, Inc.*, 36 F.3d 336, 344 (4th Cir. 1994) (quoting *Plemer v. Parsons-Gilbane*, 713 F.2d 1127, 1136 (5th Cir.1983)). The plaintiff can rely upon statistics evidencing patterns of discriminatory conduct or practices to demonstrate discriminatory intent. *Id.*

Here, Defendant agrees that, as to the first element, Plaintiff is a member of protective class as a woman and African-American. (Def.'s Mem. at 16-17.) Further, Defendant concedes

9

that the undisputed facts indicate that Plaintiff meets the second prong of performing her job in a satisfactory manner. (Def.'s Mem. at 16-17.)

As to the third factor, Defendant argues that the undisputed facts demonstrate that Defendant took no adverse employment action against Plaintiff. (Def.'s Mem. at 16-17, 21.) While Plaintiff failed to set forth any allegations in her Amended Complaint that any adverse employment action was taken against her, she argues in her brief that she suffered adverse actions as demonstrated by her under compensation, reduction of the retroactive pay awarded to her and the assignment of special projects. (Pl.'s Mem. at 18-19.) She also alleges that she was dissatisfied with her work station and asserts that Defendant failed to answer her complaints regarding the moving of her location in the office. (Pl.'s Mem. at ¶ 18.) Relying entirely on her pleadings and briefs, Plaintiff points to the fact that she was awarded a raise as evidence that she was under compensated and that Defendant's analysis regarding Plaintiff's compensation was not conducted in a fair manner. (Pl.'s Mem. at ¶ 13.)

Regarding Plaintiff's allegation that she suffered under compensation as an adverse action, the undisputed facts indicate that Plaintiff failed to set forth such evidence. As explained above, Plaintiff was not under compensated on the basis that others outside her protected class received higher pay, because she lacked proof that a comparator received a higher salary. *See Brinkley-Obu*, 36 F.3d at 344 (applying the EPA similar job requirement to Title VII claims for disparate pay). Further, Warren completed an evaluation of Plaintiff's compensation and classification, and found that Plaintiff's position was properly allocated. (Warren Decl. at ¶ 6.) As such, the undisputed facts prove that Plaintiff did not suffer an adverse action in the form of under compensation.

10

Regarding Plaintiff's allegation that she received a reduction in the retroactive pay afforded to her, nothing cited by Plaintiff, other than her pleadings and brief, support the statement. Indeed, Plaintiff received a 10% pay increase, awarded retroactively for six months dating back to October 1, 2010. (Warren Decl. at ¶¶ 8-10.) Thus, undisputed facts indicate that Plaintiff did not suffer an adverse employment action on this basis, because she did not receive a reduction in the retroactive pay.

As to Plaintiff's allegation that Defendant assigned her additional projects outside the scope of Plaintiff's job description, Plaintiff failed to identify any additional projects that fall outside of her job description. (Def.'s Mem. Exh. 5 at 11-17.) Therefore, the undisputed facts indicate that Plaintiff was not given projects that constitute an adverse employment action.

Finally, as to Plaintiff's allegation that she suffered an adverse employment action by having to move work stations, the undisputed facts indicate that the action was not adverse and she was not mandated to use the station. Plaintiff, along with the other Vendor Liaisons, chose their work stations from those that were vacant in 2011. (Brewer Decl. at ¶ 12.) Other employees were offered shared cubicles, but Plaintiff was offered an individual work station. (Brewer Decl. at ¶ 12.) When Plaintiff complained about the work station that she chose, Brewer offered Plaintiff the opportunity to change work stations; however, Plaintiff declined the offer. (Brewer Decl. at ¶ 12.) As such, Plaintiff did not suffer an adverse employment action when she chose her work station and refused to change when offered the opportunity to do so.

As to the fourth element that Plaintiff was treated differently than those not in the protected classes, the undisputed facts fail to set forth evidence of such treatment. Specifically, all employees in Plaintiff's position received a 10% pay increase, awarded retroactively for six months dating back to October 1, 2010. (Warren Decl. at ¶¶ 8-10.) All Vendor Liaisons

11

performed 75% percent of the same duties and each were assigned individual projects within their job description. (Brewer Decl. at ¶ 6.) All Vendor Liaisons chose their respective work stations. (Brewer Decl. at ¶12.) Therefore, the undisputed facts establish that Plaintiff was not treated differently than non-white and male employees.

Further, Defendant maintains that no disputed material facts exist as to Defendant's actions stemming from non-discriminatory legitimate reasons. (Def.'s Mem. at 17, 21.) Even assuming that Plaintiff met her burden in setting forth a *prima facie* discrimination case, the undisputed evidence provides that the one male Vendor Liaison received higher compensation on the basis of seniority. (Brewer at ¶ 10.)

Additionally, the undisputed evidence fails to demonstrate any intent by Defendant to discriminate on the basis of gender or race. Pay determination was based upon experience, rather than gender or race. (Brewer Decl. at ¶¶ 9-10.) As an example, a black female was hired at a higher salary, because she had prior work experience in the industry. (Brewer Decl. at ¶ 9.) A white female was paid a lower salary than Plaintiff, because she was less qualified than Plaintiff. (Brewer Decl. at ¶ 9.) And two white females were paid at an hourly rate based on their individual qualifications. (Brewer Decl. at ¶ 12.)

Because the undisputed facts indicate that Plaintiff failed to establish that she suffered an adverse employment action or that she received different treatment than those outside of Plaintiff's protected class, and because Defendant maintained a legitimate non-discriminatory reason for its actions and Plaintiff failed to present evidence of intentional discrimination, the Court recommends that Defendant's Motion for Summary Judgment as to Plaintiff's Title VII discrimination claims be GRANTED.

C. Plaintiff's retaliation claims must fail.

Plaintiff alleges retaliation under Title VII and FLSA. (Am. Compl. at ¶¶ 50-55.) Defendant moves for summary judgment on Plaintiff's Title VII claim on the basis that Defendant did not take an adverse employment action against Plaintiff and that Defendant did not have knowledge of Plaintiff's discrimination claim. (Def.'s Mem. at 22-24.) Defendant further argues that Plaintiff's FLSA retaliation claim is barred by sovereign immunity. (Def.'s Mem. at 24.)

1. Plaintiff failed to set forth a retaliation claim under Title VII.

Title VII prohibits employers from "discriminat[ing] against any of [its] employees... because [the employee] has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this title." 42 U.S.C. § 2000e-3(a). A retaliation claim under Title VII requires that: (1) Plaintiff engaged in a protected activity; (2) Defendant took an adverse employment action against Plaintiff; and (3) a causal link between the protected activity and the employment action exist. *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010). The causal link requires that Plaintiff demonstrate that "retaliatory animus" motivated the contested action. *Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 354 F.3d 277, 290-91 (4th Cir. 2004). "Title VII retaliation claims require proof that the desire to retaliate was the but-for cause of the challenged employment action." *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2521 (2013).

Here, it is uncontended that Plaintiff engaged in a protected activity when she filed a complaint with the EEOC in 2011. 42 U.S.C. 2000e-3(a); (EEOC Charge # 846-2011-57404). However, as detailed above, the undisputed facts demonstrate that Defendant took no adverse employment action against Plaintiff.

13

As to the final element of Title VII retaliation, Defendant maintains that the undisputed facts demonstrate that Defendant did not known about Plaintiff's 2011 EEOC compliant. "Knowledge of a charge is essential to a retaliation claim." *Causey v. Balog*, 162 F.3d 795, 804 (4th Cir. 1998) (citing *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 657 (4th Cir. 1998) ("the employer's knowledge that the plaintiff engaged in a protected activity is absolutely necessary to establish the third element of the *prima facie* [retaliation] case."). Plaintiff presented no evidence that Defendant had knowledge of the 2011 EEOC complaint for which she brings this retaliation claim. Indeed, Plaintiff admits that she "can neither confirm nor deny when Ms. Brewer became aware of the EEOC charges filed by [P]laintiff." (Pl.'s Mem. at ¶ 15.) Brewer states that she had no knowledge of Plaintiff's 2001 EEOC claim (EEOC Charge # 846-2001-57404) until after Plaintiff filed this lawsuit. (Brewer Decl. at ¶ 11.) Therefore, based upon the undisputed facts, Plaintiff failed to establish a *prima facie* case for retaliation under Title VII. Therefore, the Court recommends that Defendant's Motion for Summary Judgment be GRANTED as to this claim.

2. Plaintiff's FLSA retaliation claim is barred by sovereign immunity.

As to Plaintiff's FLSA retaliation claim, Defendant argues that sovereign immunity bars Plaintiff's cause of action. This Court agrees. "The essence of [Eleventh Amendment] immunity is that the State cannot be sued in federal court at all, even where the claim has merit, and the importance of immunity as an attribute of the States' sovereignty is such that a court should address that issue promptly once the State asserts its immunity." *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 482 n.4 (4th Cir. 2005). The Eleventh Amendment "pose[s] a bar to federal jurisdiction over suits" to which a state does not consent. *Alden v. Maine*, 527 U.S. 706, 730 (1999).

Congress may abrogate state sovereign immunity "only by stating unequivocally its desire to do so and only pursuant to a valid exercise of constitutional authority." *Constantine,* 441 F.3d at 484. Because Congress is precluded from abrogating a state's sovereign immunity under its Article I power pursuant to the Commerce Clause, the remaining authority for abrogating sovereign immunity rests upon Congress' power under Section 5 of the Fourteenth Amendment. *Nevada Dep't of Human Resources v. Hibbs*, 538 U.S. 721, 727 (2003).

Congress explicitly exercised its power to abrogate the sovereign immunity provided to the states under FLSA. 29 U.S.C. § 216(b); *Abril v. Commonwealth of Virginia*, 145 F.3d 182, 186 (4th Cir. 1998). However, the Fourth Circuit has expressly held that such "attempted abrogation by Congress of the states' Eleventh Amendment immunity to FLSA suits by state employees cannot be upheld as an exercise of Section 5 enforcement powers [of the Fourteenth Amendment]." *Abril*, 145 F.3d at 189. Therefore, Plaintiff's claim under FLSA is barred by sovereign immunity unless Defendant consented to this suit.

To establish that a defendant consents to suit, Plaintiff must set forth an unequivocal waiver of sovereign immunity by the defendant. *United States v. Mitchell*, 45 U.S. 535, 538 (1980). A waiver cannot be implied and such is "strictly construed in favor of the sovereign." *McMahon v. United States*, 342 U.S. 25, 27 (1951). Nothing cited or argued by Plaintiff indicates that Defendant consented to the suit under FLSA. Therefore, Plaintiff's retaliation claim under FLSA is barred by sovereign immunity and, thus, the Court recommends that Defendant's Motion for Summary Judgment as to this claim be GRANTED.

## IV. CONCLUSION

For the reasons set forth above, the Court recommends that Defendant's Motion for

15

Summary Judgment (ECF No. 20) be GRANTED.

Let the Clerk file this Report and Recommendation electronically and forward a copy to the Honorable Robert E. Payne, to Plaintiff at her address of record and to all counsel of record.

### NOTICE TO PARTIES

**Failure to file written objections to the proposed findings, conclusions and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a de novo review of the determinations contained in the report and such failure shall bar you from attacking on appeal the findings and conclusions accepted and adopted by the District Judge except upon grounds of plain error.**

                                                                                         /s/
                                                           David J. Novak
                                           United States Magistrate Judge

Richmond, Virginia
Dated: September 3, 2013